UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

April Gambino

                        **Plaintiff**

-against-

Commercial Recovery Systems, Inc.
and "Mr. Lee"
                        **Defendant**

---------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

APR 18 2014

LONG ISLAND OFFICE

CV-14 2510

WEXLER, J

BROWN, M. J.

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendants respectfully allege and show to the Court as follows:

## I. INTRODUCTION

1. The Plaintiff is suing the Defendant debt collectors because Defendants harassed and deceived the Plaintiff in an attempt to collect an alleged debt. Among other illegal actions, the Defendant: impersonated police officers; implied that the Plaintiff was about to be arrested; accused the Plaintiff of committing a crime; accused the Plaintiff of violating tax laws; threatened to "report" Plaintiff to the IRS; falsely threatened to "restrict" the license plates" on the Plaintiff's automobile; failed to identify themselves as a debt collectors; and failed to provide disclosures required by federal law.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; as well as the New York General Business Law Section 349.

3.  According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy.** (emphasis added)

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff, is a natural person residing in Suffolk County, New York. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant Commercial Recovery Systems, Inc. (hereinafter CRS) is a foreign corporation engaged in the business of collecting debts in this state. The principal purpose

of defendant is the collection of debts using the mails and telephone, and defendant regularly attempts to collect debts alleged to be due another.

7. Defendant "Mr. Lee" (hereinafter Lee) is an employee of CRS. "Mr. Lee" is the name of an employee or agent of CRS that communicated with the Plaintiff on behalf of CRS. Lee regularly attempts to collect debts alleged to be due another. Lee attempted to collect a debt from Plaintiff.

8. Defendants are all "debt collectors" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

9. The Plaintiff alleges that at all times herein mentioned, each of the defendants were, and is now, the agent, servant, employee and/or other representative of the other defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and/or ratification of the other defendants. CRS is responsible and liable for the acts of its agent/employee Lee. Any reference hereinafter to "Defendant," or "Defendants," or "Debt collector," without further qualification is meant to refer to each and all defendants herein jointly and severally.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeat paragraphs "1" through "9" as if fully restated herein.

11. The Defendants allege that the Plaintiff owes a consumer debt to Citibank. ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was alleged to be incurred in connection with a personal loan

that was used for personal products and services. No part of the alleged debt was incurred for business purposes.

12. At some point unknown to Plaintiff, Defendants allege to have acquired the legal right to collect the alleged debt. Plaintiff has had no business relationship with Defendants and are not aware of any documents establishing defendants' alleged right to attempt to collect the alleged debt.

13. In or around the March 19, 2014, Defendants called the Plaintiff and left a deceptive message that implied that the Defendant was some sort of a criminal investigator, and that the Plaintiff needed to immediately return the calls. The message failed to meaningfully identify the Defendants and failed to indicate that the Defendants were debt collectors. The message implied that the Defendants were law enforcement and that something was about to happen to the Plaintiff. The Defendant's message implied that Plaintiff was going to be arrested.

14. When the Plaintiff called the Defendant back, the Defendant accused the Plaintiff of committing a crime; the Defendant accused the Plaintiff of cheating on her taxes; and the Defendant threatened to report the Plaintiff to the IRS. When the Plaintiff requested that the Defendant send some information in writing, the Defendant then hung up on the Plaintiff. Minutes later, the Defendants called the Plaintiff back and informed the Plaintiff that Defendants intended to "restrict" the license plates on the Plaintiff's automobile.

15. Subsequent to March 19, 2014, the Defendants continued to call the Plaintiff and leave messages on the Plaintiff's voicemail. None of the messages meaningfully

identify the caller. In none of the Defendant's messages do Defendants identify themselves as a debt collector.

16. The Defendants purposefully fail to note that they are a debt collector in a deceptive attempt to imply that they are an attorney or law enforcement agency.

17. The Defendant's failure to meaningfully identify themselves in when leaving voice mail messages is harassing per se.

18. The Defendant's failure to disclose that they are a debt collector when communicating with the Plaintiff is deceptive per se.

19. The Defendant has not sent the Plaintiff the notices required by 15 USC 1692g.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

21. Defendant's actions as described herein violated the following provisions of the FDCPA:

    a. 15 U.S.C Section 1692e

    b. 15 U.S.C Section 1692e(1)

    c. 15 U.S.C Section 1692e(2)

    d. 15 U.S.C Section 1692e(3)

    e. 15 U.S.C. Section 1692e(4)

    f. 15 U.S.C Section 1692e(5)

    g. 15 U.S.C Section 1692e(7)

    h. 15 U.S.C Section 1692e(10);

    i. 15 U.S.C Section 1692e(11);

    j. 15 U.S.C Section 1692d;

    k. 15 U.S.C Section 1692d(5)

    l. 15 U.S.C Section 1692d(6);; and

    n. 15 U.S.C. Section 1692g.

## VI. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

26. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

27. Defendants' actions as detailed above violate the New York General Business Law Section 349 et seq. in that:

28. The Defendants actions as described herein are deceptive. The Defendant leaves voice mail messages for consumers that fail to disclose that they are debt collectors, while implying that they are law enforcement officers of some nature. The Defendant engages in such deception to coerce consumers into returning the calls, and in an attempt to falsely scare consumers into paying an alleged debt. By choosing to leave a consumer a message without meaningfully identifying themselves, and without noting that they are a debt collector is deceptive, in that consumers are lead to believe that the call is something other than what it is. The Defendants are obligated via statute to disclose their identify and disclose that they are debt collectors. Consumers rightfully rely upon their legal right to know when it is a debt collector that is calling so that they can choose the time, place, and

manner to respond, or whether to respond at all. The Defendants' conduct as described herein deceives reasonable consumers. The Plaintiff was in fact deceived by Defendant's conduct as described herein. Defendant's message deceived the Plaintiff into believing that the Defendant was not a debt collector, and that Plaintiff would imminently suffer an adverse legal consequence. The Defendant left the Plaintiff the following messages:

> *Ah yes. This message is for April Gambino. Ah, April Gambino my name is Mr. Lee. I have a very serious concern that's been addressed against your name as well as some of your other personal information. I need you to contact my office that way I can advise you of what's going on, and what's about to happen. My department number is 888-978- 8089. Again my number is 888-978-8089. This message is for April M. Gambino.*

> *Yes hello this message is for April Gambino. My name is James Lester. It's important that I speak with you today. I can be reached here at my office toll free, 1-888-978-8090. When calling you need to refer to file number 4692337.*

> *Message is for April Gambino. My name is James Lester. I need to speak with either you or your attorney today. I can be reached here in my office at 1-888-978-8090. When calling you'll need to refer to file number 4692337. Again this matter needs your immediate attention. Good day.*

29. Defendants regularly utilize deceptive practices as described herein in connection with the attempt to collect consumer debts. Defendants' actions have a broad impact on New York consumers at large, in that the Defendants utilizes the deceptive practices described herein while attempting to collect debts from New York consumers, thereby deceiving New York consumers. The Defendant has been sued numerous times in New York for deceptive acts and practices while attempting to collect debts, including the hiding their true identity and status as a debt collector; and for falsely implying they are a law enforcement agency of some nature. It is the Defendants' business to use the

telephone to collect debts, and the Defendant regularly utilizes the deceptive practice identified in this complaint against New York consumers. Defendant regularly secrets their status as a debt collector while leaving messages on consumers' answering machines or voice mails.

30. The Defendants' actions as described herein caused the Plaintiff financial loss in that upon receiving the Defendant's deceptive message, the Plaintiff immediately called the Defendant back from her cellular phone, which cost the Plaintiff money. The Plaintiff also spent her time and effort addressing the deceptive telephone calls. The Defendants deceptive call also caused the Plaintiff emotional distress, including the fear of criminal prosecution.

31. The Plaintiff requests that the Court issue an injunction prohibiting Defendants from hiding their identity as debt collector while leaving messages on New York consumers' answering machines or voice mails; and prohibiting the Defendants from implying that the they are a law enforcement agency.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, for the following:

A. An injunction as requested herein

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees;

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

/s/ JOSEPH MAURO
Joseph Mauro